**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

WAYNE SAMUEL,

                                 Plaintiff,

             - v -                                   Civ. No. 1:14-CV-456
                                                               (DNH/RFT)

EXCELSIOR COLLEGE; KYLENE ABRAHAM; and
PEGGY GOLDEN,

                                 Defendants.

**APPEARANCES:**                                **OF COUNSEL:**

WAYNE SAMUEL
Plaintiff, *Pro Se*
190 York Street, 1C
Brooklyn, New York 11201

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

The Clerk has sent for review a civil rights Complaint filed by *pro se* Plaintiff Wayne Samuel pursuant to 42 U.S.C. § 1983. Dkt. No. 1, Compl. Samuel, who has not paid the filing fee, has submitted a Motion to Proceed *In Forma Pauperis* ("IFP"). Dkt. No. 2, IFP App.

### I. DISCUSSION

### A. Application to Proceed *In Forma Pauperis*

Upon review of Plaintiff's IFP Application (Dkt. No. 2), the Court finds that Plaintiff has demonstrated sufficient economic need and may commence this action without prepayment of the filing fee. Thus, Plaintiff's IFP Application is **granted**.

## B. Pleading Requirements

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed further with his action.

In reviewing a *pro se* complaint, this Court has a duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (emphasis in original) (citations omitted). Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556). Although the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of

misconduct, the complaint has alleged – but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)). Furthermore, Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant- unlawfully-harmed-me accusation." *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* (internal quotation marks and alterations omitted). Allegations that "are so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal. *Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009).

### C. Allegations Contained in the Complaint

According to the allegations in the Complaint, on or about April 26, 2008, Plaintiff was being evaluated for a clinical nursing exam by Defendant Kylene Abraham, a clinical evaluator for Excelsior College at St. Joseph's Hospital, located in Syracuse, New York. Compl., Facts at ¶ 1. At some point in the exam, the patient became uncooperative when, during the Plaintiff's respiratory assessment of the patient's lungs, he stopped deep breathing and stated, in sum and substance, that he was in pain and was having a bad day. *Id.* Plaintiff went to another room, documented the incident and findings in his exam booklet, and turned it in to Defendant Abraham. *Id.*, Facts at ¶ 2. After conferring with Defendant Peggy Golden, the clinical associate, Defendant Abraham informed Plaintiff that he failed the entire exam because he failed to finish the respiratory assessment. *Id.*, Facts at ¶¶ 2-3. Despite Plaintiff's protestations regarding the patient's failure to cooperate, the failing grade was sustained by Defendant Golden. *Id.*, Facts at ¶ 3. On April 28, 2008, Plaintiff appealed the decision to the Excelsior College Examination Appeals Subcommittee; on May 23, 2008, the failing grade was sustained by that entity. *Id.*, Facts at ¶ 4.

On June 9, 2008, Plaintiff filed a racial discrimination complaint against Excelsior College with the United States Office of Civil Rights, who forwarded the complaint to the Office for Civil Rights ("OCR") within the United States Department of Education. *Id*., Facts at ¶ 5. There appears to have been some kind of investigation, resulting in OCR sustaining the failing grade. *Id*., Facts at ¶¶ 5-6. On September 14, 2009, Plaintiff appealed to the deputy assistant secretary for enforcement. On March 21, 2014, Plaintiff received a letter from the deputy assistant secretary denying the appeal and notifying him that he exhausted administrative review and may have a right to file a private suit in federal court. *Id*., Facts at ¶ 6 & Ex. 1.

At some point after he filed the above complaints, Defendants amended the reason for the failure, claiming instead that Plaintiff failed because he "plac[ed] the patient on his right side for lung assessment, then auscultate four times on the left side and lower right side." *Id*. at p. 1. Apparently placing the patient on his side to perform a respiratory assessment is grounds for failure. *Id*. at Second Cause of Action ¶ 1.

Based upon the above, Plaintiff claims that his rights were violated when Defendants doctored his exam and failed him in violation of his constitutional and other unspecified rights. As explained more fully below, Plaintiff fails to state a cognizable cause of action and his Complaint should be dismissed.

In drafting the Complaint, Plaintiff utilized the *pro forma* complaint typically used by individuals seeking vindication of their constitutional rights *via* 42 U.S.C. § 1983, which establishes a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States by a person acting under color of state law. *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983); *see also Myers v.*

*Wollowitz*, 1995 WL 236245, at *2 (N.D.N.Y. Apr. 10, 1995) (Section 1983 "is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights."). In order to state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege that (1) "some person has deprived him of a federal right," and (2) "the person who has deprived him of that right acted under color of state . . . law." *Velez v. Levy*, 401 F.3d 75, 84 (2d Cir. 2005) (quoting *Gomez v. Toledo*, 446 U.S. 635, 640 (1980)).

The events purportedly giving rise to Plaintiff's § 1983 claims occurred in April 2008, when he was informed by the individual Defendants that he failed his nursing exam. *See, e.g., Pauk v. Bd. of Trustees of City Univ. of New York*, 654 F.2d 856, 859 (2d Cir. 1981) (federal claim accrues when the plaintiff "knows or has reason to know" of the injury that is the basis for his action). With a three-year statute of limitations for § 1983 actions, it appears that this action is not timely. *Bailey v. Tricolla*, 1995 WL 548714, at *3 (E.D.N.Y. Sept. 12, 1995) (noting that in the absence of a congressional dictate as to a limitations period, we apply the most appropriate state statute of limitations, which for 1983 actions is the general personal injury statute setting forth a limitations period of three years); *see also Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002) (noting that the applicable limitations period for § 1983 actions in New York is three years). Thus, because Plaintiff did not file this action until almost six years after the claim accrued, it is time-barred unless a tolling principle applies so as to excuse the delay. According to the allegations in the Complaint, Plaintiff spent considerable time pursuing so-called administrative appeals, however, the civil rights statute at issue, 42 U.S.C. § 1983, does not require him to exhaust such remedies prior to bringing this action. And because there are a paucity of facts regarding the reasons for his delay and how they may, if at all, affect the timeliness of this action, dismissal may be appropriate.

Alternatively, presuming for the moment, as we may be required to do, that Plaintiff's tardiness in bringing this action could be excused through some tolling provision,[1] Plaintiff's claim still fails because he fails to assert facts that plausibly suggest that his constitutional rights were violated. Instead, he merely concludes that the Defendants discriminated against him and denied him equal protection because of his race. Not only does he fail to apprise what his race is, but he also fails to allege facts demonstrating how the Defendants discriminated against him because of his race.

To state an equal protection claim, a claimant must show that a government actor intentionally discriminated against him on the basis of race, national origin or gender. *Maher v. Roe*, 432 U.S. 464, 470 (1977); *see also Giano v. Senkowski*, 54 F.3d 1050, 1057 (2d Cir. 1995) ("To prove an equal protection violation, claimants must prove purposeful discrimination directed at an identifiable or suspect class.") (quoted in *Verdal v. Frantz*, 2002 WL 31309175, at *3 (N.D.N.Y. July 31, 2002)). Furthermore, in stating a claim for a violation of equal protection rights, "it is axiomatic that a plaintiff must allege that similarly situated persons have been treated differently." *Gagliardi v. Village of Pawling,* 18 F.3d 188, 193 (2d Cir. 1994) (cited in *Tookes v. Artuz*, 2002 WL 1484391, at *2 (S.D.N.Y. July 11, 2002)). While Plaintiff categorically states that he has been denied equal protection, he has not alleged any facts that would allow the Court to draw the reasonable inference that the Defendants have acted in some manner contrary to the Constitution. As drafted, Plaintiff's Complaint fails to state a plausible cause of action pursuant to 42 U.S.C. §

---

[1] We note that, while Plaintiff must establish in his Complaint that this Court has the requisite jurisdiction to entertain this action, he is not obligated to anticipate potential affirmative defenses, such as a statute of limitations, and thus, the Second Circuit does not require a plaintiff to affirmatively plead facts to thwart such a defense. *Abbas v. Dixon*, 480 F.3d 636, 639-640 (2d Cir. 2007). Furthermore, it would be improper to dismiss this action based solely on the statute of limitations without giving Plaintiff notice and opportunity to be heard. *Id*. For this reason, the Court considers whether Plaintiff properly states a cause of action, notwithstanding the potential for untimeliness.

1983, and is therefore subject to dismissal.

Notwithstanding, the Court is mindful of the Second Circuit's instruction to construe *pro se* pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *see also Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191 (2d Cir. 2008); *Phillips v. Girdich*, 408 F.3d 124, 130 (2d Cir. 2005) ("We leave it for the district court to determine what other claims, if any, [plaintiff] has raised. In so doing, the court's imagination should be limited only by [plaintiff's] factual allegations, not by the legal claims set out in his pleadings."); *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994) ("[W]e read [a *pro se* litigant's] supporting papers liberally, and will interpret them to raise the strongest arguments that they suggest."). Thus, in light of his *pro se* status and his allegations of racial discrimination, the Court has considered whether Plaintiff has plausibly pled any other cause of action, such as racial discrimination under 42 U.S.C. § 1981, or under Titles IV and/or VI of the Civil Rights Act, as amended, 42 U.S.C. §§ 2000c & 2000d, which, respectively, prohibit discrimination in public education and in facilities/programs receiving federal assistance.

Section 1981 provides, in pertinent part:

> All persons . . . shall have the same right . . . to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to the like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981(a).

Unlike § 1983, a § 1981 violation is not based upon underlying constitutional violations, "but rather provides an alternative statutory remedy for violations that concern an activity enumerated in the statute." *Olivera v. Town of Woodbury*, 281 F. Supp. 2d 674, 684 (S.D.N.Y. 2003). To state a claim under § 1981, a plaintiff must allege: "(1) the plaintiff is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerned

-7-

one or more of the activities enumerated in the statute (*i.e.*, make and enforce contracts, sue and be sued, give evidence, etc.)." *Hill v. Philip Morris USA*, 2004 WL 1065548, at *4 (S.D.N.Y. May 11, 2004) (quoting *Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 7 F.3d 1085, 1087 (2d Cir. 1993)). Plaintiff must therefore allege facts from which a purposeful discriminatory intent can be inferred. *Albert v. Carovano*, 851 F.2d 561, 571-72 (2d Cir. 1988) ("Essential to an action under Section 1981 are allegations that the defendants' acts were purposefully discriminatory.") (quoted in *Hill v. Philip Morris USA*, 2004 WL 1065548, at *4); *see also Gen. Bldg. Contractors Ass'n, Inc. v. Pennsylvania United Eng'rs & Constructors, Inc.*, 458 U.S. 375, 391 (1982) (noting that like equal protection claims, Section 1981 "can be violated only by purposeful discrimination"). Samuel cannot pursue such a claim under the current draft of his Complaint because there are no allegations of purposeful discrimination. Thus, even liberally construing his Complaint as raising a claim pursuant to 42 U.S.C. § 1981, such claim fails.

Turning to other provisions of the Civil Rights Act, we note that Title IV of the Civil Rights Act was enacted with an eye toward desegregating schools and accordingly defined the role the federal government would play in implementing the Supreme Court decision in *Brown v. Bd. of Educ.*, 347 U.S. 483 (1954) ("Brown I"), *Brown v. Bd. of Educ.*, 349 U.S. 294 (1955) ("Brown II"), and its progeny. *See Swann v. Charlotte-Mecklenburg Bd. of Educ.*, 402 U.S. 1, 16-17 (1971); 42 U.S.C. §§ 2000c-2 & 200c-6 (providing a mechanism by which desegregation plans would be implemented and providing the Attorney General with the power to initiate federal desegregation lawsuits). This, Act expressly does not affect any pre-existing right a private citizen had, such as through 42 U.S.C. § 1983, to vindicate discrimination in schools. *See, e.g., Cannon v. Univ. of Chicago*, 441 U.S. 677, 724 n.12 (1979) (White, J., dissenting); 42 U.S.C. § 2000c-8. Assuming that

a private cause of action is available to individuals under Title IV,[2] there are no allegations in Samuel's Complaint that would support a finding that Defendants violated Title IV as there are no factual allegations of intentional discrimination nor that this case concerns a failure to desegregate. Thus, Plaintiff cannot pursue a claim under Title IV.

Lastly, Title VI of the Civil Rights act provides:

> No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

42 U.S.C. § 2000d.

To establish a claim under Title VI, Plaintiff must show (1) that the entity involved engaged in racial discrimination; (2) the entity involved is receiving federal financial aid; and (3) Plaintiff was an entitled beneficiary of the program or activity receiving the aid. *Babiker v. Ross Univ. Sch. of Medicine*, 2000 WL 666342, at *4 (S.D.N.Y. May 19, 2000) (citations omitted). As with an equal protection claim, Plaintiff must demonstrate that the "defendant discriminated against him on the basis of race, that the discrimination was intentional, and that the discrimination was a substantial or motivative factor for the defendant's actions." *J.E. ex rel. Edwards v. Ctr. Moriches Union Free Sch. Dist.*, 898 F. Supp. 2d 516, 557 (E.D.N.Y. 2012) (quoting *Colbert v. Queens Coll.*, 242 F.3d 58, 69 (2d Cir. 2001)). Samuel has not set forth facts establishing any of the requisite elements, thus he fails to state a claim for relief under Title VI.

Under these circumstances, the Court concludes that the Complaint as drafted fails to state a claim upon which relief may be granted and is subject to dismissal pursuant to 28 U.S.C. § 1915.

---

[2] It is not clear whether the Act confers a private right to suit, although at least one Circuit Court of Appeals found that it does. *Alvarado v. El Paso Indep. Sch. Dist.*, 445 F.2d 1011 (5th Cir. 1971) (reversing the lower court's dismissal of an action and finding that the complaint "clearly" stated a cause of action pursuant to various federal statutes, including 42 U.S.C. § 2000c-8).

*See Ashcroft v. Iqbal*, 556 U.S. at 678 ("[A] complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'") (quoting *Bell Atl. Corp. v Twombly*, 550 U.S. at 557). But, in light of his *pro se* status, the Court recommends that prior to outright dismissal of this action, the Court should afford Plaintiff the opportunity to file an amended complaint if he desires to proceed with this action. Should Plaintiff be directed by the District Judge to file an amended complaint, we offer the following guidance. Any such amended complaint, **which shall supersede and replace in its entirety the previous Complaint filed by Plaintiff**, must contain a caption that clearly identifies, by name, each individual that Plaintiff is suing in the present lawsuit and must bear the case number assigned to this action. The body of Plaintiff's amended complaint must contain **sequentially numbered paragraphs containing only one act of misconduct per paragraph**. Thus, if Plaintiff claims that his civil and/or constitutional rights were violated by more than one defendant, or on more than one occasion, he should include a corresponding number of paragraphs in his amended complaint for each such allegation, with each paragraph specifying (i) the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; (iv) where appropriate, the location where the alleged misconduct occurred; and, (v) the nexus between such misconduct and Plaintiff's civil and/or constitutional rights.

Plaintiff's amended complaint shall also assert claims against each and every defendant named in such complaint; **any defendant not named in such pleading shall not be a defendant in the instant action**. Plaintiff is further cautioned that no portion of any prior complaint nor any other filing with the Court shall be incorporated into his amended complaint by reference. **Plaintiff shall state in the single amended complaint all claims that he wishes this Court to consider as**

**a basis for awarding Plaintiff relief herein; his failure to file such a pleading will result in dismissal of this action without further Order of the Court**.

## II. CONCLUSION

For the reasons stated herein, it is hereby

**ORDERED**, that Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (Dkt. No. 6) is **granted**; and it is further

**RECOMMENDED**, that pursuant to the Court's review under 28 U.S.C. § 1915, Plaintiff's entire Complaint should be **dismissed**, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failing to state a claim upon which relief can be granted. However, in light of his *pro se* status, this Court further

**RECOMMENDS**, that prior to outright dismissal, Plaintiff be afforded an opportunity to amend his Complaint consistent with the directions above. In any amended complaint that Plaintiff files, Plaintiff must allege claims of misconduct or wrongdoing against defendants that he has a legal right to pursue and over which this Court has jurisdiction; and it is further

**ORDERED**, that the Clerk serve a copy of this Report-Recommendation and Order on Plaintiff by certified mail.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date: April 30, 2014
      Albany, New York

Randolph F. Treece
U.S. Magistrate Judge